Filed 7/25/25  P. v. Robles CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084048 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD284788) |
| ZEUS ROBLES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Zeus Robles's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal.  Counsel identifies two potential

issues under *Anders v. California* (1967) 386 U.S. 738, 744-745 (*Anders*) and asks this court to review the record for error as mandated by *Wende.*

We offered Robles the opportunity to file his own brief on appeal, but he did not do so. Our independent review confirms there are no arguable issues on appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Robles of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (b); count 1), residential burglary (§ 459; count 2), shooting at an inhabited dwelling (§ 246; count 3), and illegal possession of a firearm (§ 29800, subd. (a)(1); counts 4 and 5). It found true an allegation that he personally used a firearm in the commission of count 1. (§ 12022.5, subd. (a).) Robles admitted he had a prior conviction that was a serious and/or violent felony (§§ 1192.7, subd. (c); 667.5, subd. (c)), and that he committed the instant offenses while serving a parole term following a prior conviction for a violent felony within the meaning of section 667.5, subdivision (c) (§§ 1203.085, subd. (a); 3000). The trial court sentenced Robles to an aggregate term of 32 years eight months.

On direct appeal, we reversed Robles's count 3 and 5 convictions and remanded for resentencing. (*People v. Robles* (Nov. 29, 2023, D079676) [nonpub. opn.].)

On remand, the trial court denied Robles's motion to dismiss the strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, finding Robles came within the spirit of the "Three Strikes" law. Under section 1385 subdivision (c)(2)(E), which addresses whether an enhancement should be dismissed because "[t]he current offense is connected to prior victimization or childhood trauma," the court found that Robles's trauma and drug history did

---

[1]    Undesignated statutory references are to the Penal Code.

2

not contribute to the charged crime.  It imposed an aggregate term of 28 years, four months:  The upper term as to count 1 doubled for 18 years, plus the midterm of four years on the firearm enhancement as to that count; plus five years for the serious prior felony and a consecutive one year four months on count 5.  The court refused to reduce the sentence under section 1385 subdivision (c)(2)(C)'s mandate that a court, in deciding whether to dismiss an enhancement, in its discretion "shall consider and afford great weight to evidence offered by the defendant to prove" as a mitigating circumstance that the sentence not exceed 20 years.  Rather, the court found that dismissing the enhancement would "endanger public safety" within the meaning of section 1385 subdivision (c)(2).

## DISCUSSION

As stated, to assist the court in its review, and in compliance with *Anders*, *supra*, 386 U.S. 738, counsel has identified two possible issues that this court should consider in evaluating the potential merits of this appeal:

1) Whether the court erred in imposing the upper term on count 1 upon its finding that Robles's childhood trauma was not a contributing factor in the commission of the offense; and

2)  Whether the court erred by refusing to strike the firearm enhancement and sentencing Robles to a term exceeding 20 years.

We have reviewed the entire record as required under *Wende, supra,* 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 and considered the potential issues raised by appointed counsel.  We conclude the court did not err by imposing the upper term on count 1 under section 1170, subdivision (b)(1).  At the resentencing hearing, the court thoroughly reviewed Robles's criminal history and in ruling from the bench told him:  "[T]he court finds that you do have a tremendous psychological and drug history and abuse history, but I

3

don't find that it's particularly responsible for this particular act. And the court believes that the upper term is the appropriate term." Further, the court refused to strike the gun enhancement, telling Robles: "And in this case what happened is—I do believe it was an accidental discharge. . . . But I believe that your recklessness in using that firearm and causing the discharge, even though accidental, is enough" reason not to strike it. The court recognized the sentence it imposed exceeded 20 years, but relied on recent case law to support its decision. (See, e.g., *People v. Anderson* (2023) 88 Cal.App.5th 233, 240 [the use of the word "shall" in section 1385, subdivision (c)(2)(B) does not make the dismissal mandatory, but provides the court with discretion in deciding whether to do so].)

There are no other arguable issues that would result in a reversal or modification of the judgment. Competent counsel has represented Robles on this appeal.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

4